Our next case for this morning is Marquez v. Weinstein, Pinson & Riley. Mr. Edelman. May it please the court, counsel. It's confusing to state in a collection complaint that pursuant to 11 U.S. Code 1692G, which doesn't exist, defendants are informed that the undersigned law firm is acting on behalf of a plaintiff to collect the debt, and that the debt referenced in this suit will be assumed to be valid and correct, if not disputed. Let me ask you a question about your complaint. So you say that this reference to disputing the suit, the claim, is confusing, which I think it is actually. But do you ever allege that a member of the class was confused? Because you can have confusing things that have no real consequence. Well, the four plaintiffs, of course, were sufficiently concerned about the matter that they sought out counsel. In many cases, default judgments were entered. The consequences are actually quite serious. In the M-1 cases, if you do not file an appearance and then an answer on the dates specified in the summons, which is quite difficult to follow, and the complaint, as this one does, these do, seeks a liquidated amount and is supported by an affidavit, a judgment for the sum demanded will be entered. What I'm talking about is, is there an allegation that particular individuals suffered a default judgment because they got confused about the dispute? And I would think it would be a problem. Unfortunately, we did not identify a specific person who had a judgment entered against them for that reason. It's almost a catch-22. If a person comes to us with these papers, we're not going to allow a default judgment to be entered. We will do everything we can to get it vacated, to get a default vacated, and to defend the case. We, in fact, undertook to defend about 90 to 100 of these cases, and I believe we were successful in all of them, so that the people that come to us are not misled. On the other hand, there are a very large number of default judgments that were entered in these cases. There were over 1,000 NCT cases. But the default judgment could be entered for a different reason, that they didn't challenge it in court. In most cases, people do not appear, and a judgment is entered on the 14th day after the return date as a matter of course, and that's it. So we, of course, saw a different version of this problem in the Suarez case. Do you think this complaint would have been unobjectionable if they had just skipped paragraph 12 altogether? Paragraph 12 should not be there. Just shouldn't be there, period. They've already sent the validation notice, which they stress in their briefs. Correct. There's no reason for paragraph 12 to be in there. It's exactly what this court said should not be done en banc in the Thomas case versus Simpson and Sybeck, at least without a specific statement that disputing the debt does not excuse you from complying with the summons. You must follow the instructions in the summons. That, of course, was not done here. We do not know why they put this in here 12 years later. We allege that the defendant has a history of misleading people, and they never explained why they would do so. And it's a particular problem given the very serious consequences. The fact that even if you contact plaintiff's counsel, that's not enough to prevent the entry of the default judgment on the 14th day. It's essentially automatic. The cases are just brought in in bins, and if it's verified and there's liquidated amount, that's it. A judgment is entered. Mr. Edelman, I have only one question for you, and it's this. You addressed the First Amendment and Dodd-Frank arguments in your reply brief, but are you nevertheless asserting as an initial matter that those arguments were waived? We are, Your Honor. They attempted to raise this in a reply brief in the district court. They attempted to incorporate it by reference when the district judge said you can't do that, and there are some consequences to that. For example, one implication of what the defendant's argument is is that 1692E15, which expressly prohibits telling a consumer that you do not have to respond to legal papers, in which in conjunction with the introductory sentence, I think would apply to giving them the wrong mode or date for response, is invalid. That's what their First Amendment argument amounts to. And, of course, the Attorney General was never notified, and the matter was not fully considered as a result. But this is very close to something that is expressly prohibited. Congress recognized that consumers can be readily misled about legal proceedings, they're not familiar with them, and prohibited telling a consumer that you don't have to respond to a summons and complaint. And this is just a little more sophisticated. Instead of saying don't show up, which even somebody with a sixth grade education might realize is fishy, they say dispute the debt within 30 days of a date which is right to the left of the statement, when in fact you have to do something different on a different date, or you're going to find yourself with a judgment for $20,000 against you, and then you have to try to vacate that if you can figure out how one should do that. So I have two things I would like you to comment on briefly. One of them is the argument about the applicability of the Fair Debt Collections Practices Act to state court litigation, which is something your opponents hang their hat on quite a bit. And the other is that it seems to me the district court judge, in his decision, was placing some weight on the fact that this circuit does not follow the least sophisticated consumer standard. We assume somebody isn't terribly sophisticated, but we're not scouring the United States to find the person who is the most gullible. I'll address them in reverse order. I don't think in this context it makes too much of a difference. The intent of both standards is to protect people of lesser sophistication, and that includes a large portion of the public when you're dealing with legal proceedings. Both this court in Thomas and the Second Circuit in the series of decisions have held that this kind of statement is a violation, so you have it under both standards. With respect to the applicability of the FDCPA to legal proceedings, I think that was first resolved by the Supreme Court in Hines, and then in effect codified by Congress when it exempted legal proceedings or exempted a formal legal pleading from two specific sections, E11 and GD. Subsequent to that, I think courts have fairly consistently held that trickery or misstatements in legal pleadings are actionable. And of particular importance here is that this statement has nothing to do with either the right to bring a lawsuit on a debt or the factual or legal articulation of a claim. It is just a gratuitous piece of misinformation that is put in a complaint right above the prayer for relief. It's something that a consumer will pay attention to, and it misdirects the consumer in terms of what to do and when to do it by when you compare it with the summons, which unfortunately in Cook County is dense and has typographical errors in it, so that the statement and the complaint is much easier to understand than parsing through the summons. This is a gratuitous misrepresentation, and it's very close to something that Congress has expressly determined cannot be done. Unless Your Honors have some other questions. No, I'll let you save your rebuttal minutes. Mr. Spofford. Good morning, Your Honors. May it please the court, counsel. I represent the Weinstein Law Firm and one of its attorneys. This case is about a... What is the purpose of paragraph 12? Of paragraph 12? It really has no purpose, Your Honor. Thank you. All right. It really shouldn't be in there, and that's why I'm sure... The purpose must be to confuse. Pardon? The purpose must be to confuse. Well, I mean, in a sense, it's confusing because it really shouldn't be in there, but I don't think it gives Rice any violation because it's... But it mixes people up as to the dates, and it doesn't make it clear who is the one who is going to take this debt as established. Is it the court? It's in a complaint. Somebody might think it's the court, which, of course, isn't true at all if there's a proper response to the summons. Well, Your Honor, anything that... I'm sorry. I didn't mean to cut you off. So it's confusing. Sorry. Go ahead. Anything that a plaintiff alleges in a complaint is assumed to be true if it's not answered and denied. I mean, let's put this into context. On a motion to dismiss, how could we ever hold that there's no possibility of confusion when you yourself, I think, are admitting that it's confusing? It's extraneous. It's gratuitous, but it's not harmful. I mean, it shouldn't be there. A legally trained person is supposed to look at something in a complaint and say, oh, well, paragraph 12 is superfluous. I can just ignore that. Well, let's back up a minute. They all got this notice. All four of these plaintiffs got this notice from this law firm several months in advance, and it didn't harm them then. Why is it harming them now? Because they now have three conflicting notices. That's the thing. What are they supposed to do? And now one of them is garbed in the formality of a complaint in a court, which I think the Hines case makes quite clear is within the statute. And now they're given a chance to challenge it, to be in court. They're given specific instructions about how to defend this case in the complaint by the clerk of the court. They're given specific instructions about how to proceed. Paragraph 12 doesn't say anything about answering the complaint. It does require you to dispute. I mean, you, the recipient, the debtor, has to dispute. How does one dispute? It says that the debt collector will assume the debt to be. No, it doesn't say that. It's in the passive voice. It's not disputed in whole or in part. It says defendants are informed that the undersigned law firm is acting on behalf to collect the debt, and the debt reference in the suit will be assumed to be valid and correct if not disputed. Yeah, if not disputed. So it would be sensible to dispute it. Now, how do you dispute it? Well, if it said. . . How do you dispute it? Answer the complaint. Move to dismiss. No, wait a second. That doesn't sound right. Answer the complaint? Say deny it. Denied. Paragraph answered the complaint. I had read this to mean that you have a separate obligation to dispute. You have to dispute in 30 days. Your Honor, this is a complaint. Any other complaint, there's an allegation. All you have to do is you file an answer or file a motion. The timing is different, though. If not disputed in whole or in part, within 30 days from the date hereof. I mean, it's a mess. Have you deleted this thing? This doesn't in any way cut off a defendant's right to answer the complaint. Move to dismiss. It doesn't say anything that you can't move to dismiss. Judge Wood made an important point. The timing for the dispute is different from the timing to respond to the complaint. What is a recipient supposed to make of that? Does he have 30 days to file an answer or 30 days to do something else? I think that the summons is quite clear about what time he has. But that's a different time. This says that you must dispute within 30 days. This is just reiterating. That's not the same. That is not the same period for responding to the. He's just reiterating the rights under. Is this. Don't interrupt me. Is this the. Is this. Isn't there a different time limit for filing your answer to the complaint from this 30 days for disputing? If you read it that way, yes, there is. What do you mean? It doesn't have a different number. You have different numbers of days. Isn't it a different number of days? There's a different number of days between paragraph 12 and the time you have to answer the complaint. Wouldn't that make people think that I have to do something within 30 days. I have 32 days to file my answer, get a lawyer, what have you. But within 30 days I have to dispute. Now, how do I dispute? What is disputing that is different from answering a complaint? Well, I guess they could have called up whoever filed the complaint, in this case the law firm. But the summons was quite clear about how much time they had to contest this lawsuit. No, no. But if they contest the lawsuit on day 31, they're finished. None of these four plaintiffs. No, because they didn't. It says the claim will be assumed valid and correct if not disputed in whole or in part. So if they don't dispute it, can't the debt collector assume that they have admitted its validity? None of these four plaintiffs had any trouble contesting their lawsuits. What about the other thousands that are out there? You know, what the district court did was acknowledge that the consumer may be led to dispute the debt directly with the debt collector. That dispute period ends before the time for an answer. Yet if a consumer was led to believe that she had to pursue a dispute directly with the debt collector, then that same consumer is also likely to believe that if she fails to do so within the 30-day period, the debt is assumed to be valid and correct and can't be contested in the court action. And that's particularly true because the wording in paragraph 12 has moved the phrase by the debt collector so that it is at the beginning of the sentence, and it provides that unless a debt is disputed within 30 days, it will be assumed to be valid by the debt collector. But the language in the complaint says simply that it will be assumed to be. I mean, I think this is so confusing. The thought that, you know, the average person would understand it is amazing to me. It didn't include the modifier by the debt collector, so it leads any unsophisticated consumer to believe that it will be assumed to be valid by the court, and that's the problem with 12G. I would suggest then, Your Honors, that at most we have a question of fact rather than a question of law here. That is an ambiguous paragraph, and that requires a remand. Besides the fact which plaintiff hasn't pled Article III injury in this case. Going back to your first question, Judge Bosner. All right. If you don't have anything further, thank you very much. Thank you, Your Honors. Mr. Edelman, I think you had a minute. Your Honor, I would like to respond to the very last comment made by my opponent. I think that Article III in the Spokio case specifically recognized informational deprivation or informational injury as a form of injury which Congress can determine to be actionable. In this case, a person was entitled to a clear statement without muddling by anything that the defendants did about what you have to do to respond to the lawsuit. E15, I think, establishes that right, and the inclusion of a statement which everybody seems to concede is misleading and which confuses the consumer as to what to do and when it has to be done by is the kind of informational injury which is actionable. There is a very real and serious threat of harm which anybody who doesn't respond by filing an appearance on the correct date will immediately encounter. And in no case did the 30 days specified in Paragraph 12 correspond to either the return date, the date for filing appearance, or the answer date as prescribed in the summons. In some cases it was one day off, so that in the 162-601 case, Paragraph 12 suggests that you have until December 14th to dispute the debt. You actually have to file an appearance by December 13th, and if you didn't do that on December 27th, you would have a judgment against you. Congress has the right to act under those circumstances. All right, thank you very much, Mr. Ullman. Thanks to both counsel. We'll take the case under advisement.